SHORTESS, Judge,
dissenting.
I respectfully dissent. In my opinion the trial court was clearly erroneous in finding that defendant breached a duty owed to people using walkers on paths to provide level and smooth ground for them to walk on. The evidence clearly shows its paved sidewalks provided a safe, level walkway for pedestrians, including people on walkers. This plaintiff left the sidewalk and was using a path (which had been cut across the lawn by pedestrians) as a shortcut and fell when the front leg of her walker apparently went into a depression or hole near a drain which was some fourteen inches off the path. The path’s width varied from 12 to 18 inches. The front legs of the walker were 22 inches wide, so plaintiff knew that her walker was wider than the path when she began walking on the path. Additionally, to get to the path from the sidewalk, she had to go between bushes which were planted near the sidewalk’s edge to discourage people from walking across the lawn.
The trial court correctly found no “unreasonable” risk of injury. Also, it correctly found no Civil Code article 2317 liability. But it erred when it imposed upon defendant an additional duty under a negligence theory to provide level ground for people using walkers on paths, after it had already found no “unreasonably” dangerous condition in the path in question. The trial court based this duty on the finding that defendant knew that people with walkers used the path. I find no factual basis for that finding in the record. For purposes of argument only, however, even if defendant did know or should have known that the path was dangerous for persons using walkers, that is of no moment. The path had to be unreasonably dangerous in order to trigger liability, and the trial court found it was not.